IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LACEY L. RAMIREZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF FREDERICKTOWN, ) <br> MISSOURI ) <br> ) <br> Defendant ) <br> ) <br> ) | Case No.: <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Lacey L. Ramirez ("Plaintiff") by and through counsel, and for her Complaint directed against The City of Fredericktown, Missouri ("Defendant"), states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq. ( Title VII ).

2. Jurisdiction of this Court is founded upon 28 U.S.C. §§1331, as well as 42 U.S.C. §2000e-5(f)(3).

3. Venue is proper under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3) because the event giving rise to the claims occurred in this jurisdiction.

4. Plaintiff has satisfied the administrative prerequisites to suit under Title VII.

1

## THE PARTIES

5. Plaintiff Ramirez is a woman and was, at all relevant times, an individual residing in Fredericktown, Missouri.

6. At all relevant times, Plaintiff was employed by Defendant in Fredericktown, Missouri.

7. Defendant Fredericktown is a municipal corporation in the State of Missouri situated in Madison County, Missouri. Mark Tripp in his capacity as Mayor of Fredericktown, Missouri, and Sergeant Robert Nettles in his capacity as Police Sergeant at the Fredericktown Police Department, were at all relevant times agents of Defendant.

## STATEMENT OF CLAIMS

8. Between July of 2009 and January 2011, Plaintiff was employed by Defendant the City of Fredericktown, Missouri ("Fredericktown") as a Police Officer. As a Police Officer, Plaintiff performed routine police duties including, issuing citations for criminal activity, responding to dispatched emergencies, and performing safety patrols through the City of Fredericktown.

9. In the Summer of 2010, Plaintiff was serving an arrest warrant when she was approached by a young woman who wanted to make a report.

10. The young woman stated that she had received sexually explicit text messages from someone claiming to be the current mayor of the City of Fredericktown, Mark Tripp.

11. Plaintiff reviewed the telephone number that the text messages were sent from and confirmed that the text messages had come from Mayor Tripp's number.

12. The text messages began asking the young woman if she would "play 20 questions". After a few exchanges, the young woman was asked what color her under garments

2

were and asked if he could see pictures.  The young woman did not want to make a formal police report of the incident and chose simply not to respond to the text messages.  Plaintiff recalls at least one other instance in which a young woman in Fredericktown reported receiving text messages from Mayor Tripp asking to "play 20 questions".

13. On or about December 12, 2010, Plaintiff received a text message from Mayor Tripp complimenting her for her exemplary police work.

14. After a few minutes of platonic exchanges of text messages, Plaintiff then *herself* received a text message from Mayor Tripp asking her if she would like to "play 20 questions".

15. Based upon Plaintiff's knowledge of Mayor Tripp's previous text messages, Plaintiff ceased responding to Mayor Tripp's text messages.

16. Concerned about how this text message exchange would affect her future with the Fredericktown Police Department, Plaintiff reported the incident to the Sheriff of Madison County, David Lewis, who advised her to not respond to the text messages.

17. In December of 2010, shortly before these messages were sent, the Police Captain for the Fredericktown Police Department resigned from his position.

18. At a Fredericktown Police Department meeting in early December of 2010, Mayor Tripp specifically pointed out to Plaintiff that he was her boss now that the Captain had resigned.

19. After the meeting that night, Mayor Tripp asked Plaintiff to come talk to him privately.  During this meeting Mayor Tripp asked Plaintiff to cease her existing relationship with an employee of the Madison County Sheriff's office.  Plaintiff refused.

20. Also present for this meeting with Mayor Tripp was the current senior officer at the Fredericktown Police Department, Sergeant Nettles.

3

21.     A few days after this private meeting, Plaintiff approached Sergeant Nettles to report Mayor Tripp's recent text messages. Plaintiff also reported to Sergeant Nettles her knowledge of the sexually explicit text messages to the women in 2010 and the recent text messages to Plaintiff.

22.     Sergeant Nettles assured Plaintiff that he would follow proper protocols and that he would handle the situation accordingly.

23.     Sergeant Nettles failed to follow protocol, and in an effort to improve his chances at the open Captain position, he informed Mayor Tripp that Plaintiff was making sexual harassment complaints about him.

24.     Throughout the next few weeks, Sergeant Nettles began treating Plaintiff differently than any other employee. Sergeant Nettles began to question Plaintiff's every action while on duty. Other male officers who had not reported sexual harassment were not questioned for the same actions.

25.     Sergeant Nettles treatment also included following Plaintiff around at night while she was on-duty responding to calls. Sergeant Nettles was off-duty at the time these incidents and was in his personal vehicle accompanied by his girlfriend.  Plaintiff confronted Sergeant Nettles during one of these incidents and accused him of treating her differently because she was a woman and because she had reported Mayor Tripp's sexual advances.

26.     Sergeant Nettles also worked the same shifts as Plaintiff and purposely failed to respond to many dispatches in effort to make Plaintiff's workload more difficult.

27.     On January 3, 2011, Plaintiff was terminated by the Fredericktown Police Department for conduct unbecoming an officer and substandard work.

28.     Mayor Tripp and Sergeant Nettles fabricated Plaintiff's substandard work performance complaints and claimed that formal performance reviews had taken place.  Mayor Tripp and Sergeant Nettles retaliated against Plaintiff because of her sexual harassment report.

29.     No formal reprimands for substandard work or formal performance reviews took place before Plaintiff's termination.

30.     Plaintiff received an award for exemplary police work just two weeks before Mayor Tripp's inappropriate text messages and just two weeks before Plaintiff's eventual termination.

31.     Defendant engaged in unlawful employment practices in violation of 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a) of Title VII by sexually harassing Plaintiff. The effect of practices complained in Paragraphs 4-27 has been to deprive Plaintiff of equal employment opportunities and other adversely affect her status as an employee because of her sex.

32.     Defendant engaged in unlawful employment practices in violation of 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a) of Title VII by retaliating against her because she objected to the sexual harassment. The effect of practices complained in Paragraphs 4-27 has been to deprive Plaintiff of equal employment opportunities and other adversely affect her status as an employee because of her sex.

33.     Defendant engaged in unlawful employment practices in violation of 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a) of Title VII by discharging her because of her sex. The effect of practices complained in Paragraphs 4-27 has been to deprive Plaintiff of equal employment opportunities and other adversely affect her status as an employee because of her sex.

WHEREFORE, Plaintiff requests that this Court, after trial by jury, enter judgment for Plaintiff and against Defendant, in amounts to be determined at trial, for Plaintiff's lost wages

and benefits of employment and interest thereupon for Defendant's breach; front pay; for punitive damages; for attorney's fees and costs of litigation; and for such other relief this Court deems just and proper.

        Respectfully Submitted,

        THE POWDERLY LAW FIRM, LLC

    By:    */s/ Timothy P. Powderly*
            Timothy P. Powderly, MBE #64092
            Attorney for Plaintiff
            11965 St. Charles Rock Road, Suite 202
            Bridgeton, Missouri 63044
            (314) 770-9890/FAX 739-1355