UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LACEY L. RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1649SNLJ |
| ) | |
| THE CITY OF FREDERICKTOWN, MO., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Plaintiff has filed this Title VII employment action alleging that she was subject to sexual harassment while employed as a police officer.  She further appears to allege that she was subject to retaliation and sex discrimination when she was ultimately discharged from her employment as a police officer.  This matter is before the Court on the defendant City of Fredericktown's (hereinafter referred to as simply as defendant City) motion for more definite statement [5], filed October 5, 2012.  Responsive pleadings have all now been filed.

Defendant contends that 1) plaintiff has failed to meet the administrative prerequisites to file her Title VII lawsuit because she filed her complaint without filing her administrative "Notice to Sue"; and 2) plaintiff's allegations concerning a "text message" as giving rise to this lawsuit lack minimal facts and are vague, overbroad, and conclusory; thereby failing to meet the pleading requirements of Rule 8 Federal Rules of Civil Procedure.

Plaintiff counters by filing with her response a copy of her Right to Sue letter from the EEOC.  She further contends summarily that her complaint is not insufficient under Rule 8 and provides sufficient notice to the defendant City of plaintiff's cause of action.

After carefully reviewing the plaintiff's complaint, the Court finds that it fails to meet federal pleading standards.

The Federal Rules provide for liberalized pleading of claims and defenses.  Generally, the function of a complaint is simply to inform the opposing party of the nature and the grounds for the lawsuit, and the relief to which the pleader believes s/he is entitled.  Rule 8(a) Fed.R.Civ.P.  Rule 8(e)(1) requires only that a pleader set forth his/her averments in a "simple, concise and direct" manner.  These general statements do not require any supporting evidentiary material; supporting factual data is subject to discovery.  5 C. Wright & Miller, <u>Federal Practice and Procedure</u>, §1281 (1990).

Rule 10(b) Fed.R.Civ.P. further states that "[a]ll averments of claim or defense shall be made in numbered paragraphs..." and that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth."

Plaintiff's complaint is a running narrative under "Statement of Claims".  It appears to bring claims for sexual harassment, sex discrimination, and/or retaliation regarding one or more text messages from the Mayor of Fredericktown, failure of one or more of plaintiff's supervisors to follow-up on her complaints regarding these text messages, being followed by one or more of her supervisors, and her termination from employment.  None of these alleged acts contain any factual support, including but not limited to, the content of the alleged text message(s)[1], dates of alleged meetings with her supervisors and/or the Mayor, how she was "treated differently" by her supervisors after making her complaint, and the dates and nature of the alleged "stalking" of her

---

[1] Plaintiff cites only to one (1) text message allegedly from the Mayor asking her if she wanted to "play 20 questions"; however, she then repeatedly refers to "text messages"; i.e. in the plural.

2

by one of her supervisors.  Although plaintiff need not provide every specific fact giving rise to her lawsuit, she must provide enough factual support to give both the defendant and this Court sufficient notice of the content of her claims.

Furthermore, plaintiff's complaint not only lacks sufficient factual background, but contains numerous overbroad and conclusory statements.  For example, in Paragraph 23, plaintiff surmises that Sergeant Nettles failed to follow protocol[2] and instead "in an effort to improve his chances at the open Captain position, he informed Mayor Tripp that Plaintiff was making sexual harassment complaints about him."  Plaintiff's Complaint [1], pg.4, ¶23.  Plaintiff further states that Captain Nettles also worked the same shifts as the plaintiff and "purposely failed to respond to many dispatches in effort to make Plaintiff's workload more difficult.".  Plaintiff's Complaint [1], pg. 4, ¶26.  Statements such as these are nothing more than plaintiff's own speculations lacking any factual context.

Finally, as stated previously, plaintiff's complaint is a running narrative in which she has apparently set out three (3) separate claims of employment discrimination involving the actions of several different people.  Rule 10 Fed. R.Civ. P. requires that these claims be set out in separate counts clearly defining the acts involved and the persons responsible for taking the alleged actions.

As for plaintiff meeting the administrative prerequisites of filing her Title VII complaint, although plaintiff has now filed a copy of the Right to Sue letter, the Court directs the plaintiff to file a copy of her EEOC complaint with her amended complaint.  It is imperative upon this Court to make sure that the plaintiff's claims before this Court were the subject of her administrative charge and were administratively investigated and exhausted prior to filing the instant complaint.

---

[2]Again, plaintiff fails to set out in any manner what constitutes "protocol".

3

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion for more definite statement [5] be and is **GRANTED.**  Plaintiff shall file, on or before January 16, 2013, an amended complaint which more clearly sets out her claims of employment discrimination, in separate counts and with sufficient factual background to provide the defendant with proper notice of the content of her claims.  Furthermore, plaintiff shall attach to her amended complaint a copy of her EEOC charge.  No extensions of time shall be granted except for good cause shown.  Failure to comply with the Court's order risks the imposition of sanctions, including but not limited to, the dismissal of this cause of action.

Dated this   2nd    day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE